F. Mayer Boot & Shoe Co. v. Grygierczyk et al., 203 Ill. App. 194.

3. LIMITATION OF ACTIONS, § 68*—*when statement of claim does not state new cause of action.* The filing of a second statement of claim in an action for personal injuries, which simply states the same actionable cause with more particularity than the first statement of claim, which was stricken from the files, does not state a new cause of action so as to bar a right of recovery because of the expiration of the one-year period for the commencement of actions in such cases.

---

**F. Mayer Boot & Shoe Company, Plaintiff in Error, v. F. Grygierczyk and F. Luba, copartners, trading as Grygierczyk & Luba Company, Defendants in Error.**

**Gen. No. 22,507.    (Not to be reported in full.)**

Error to the Municipal Court of Chicago; the Hon. HUGH J. KEARNS, Judge, presiding. Heard in this court at the October term, 1916. Reversed and judgment here. Opinion filed January 8, 1917.

## Statement of the Case.

Action by F. Mayer Boot & Shoe Company, plaintiff, against F. Grygierczyk and F. Luba, copartners, trading as Grygierczyk & Luba Company, defendants, to recover on two promissory notes executed by defendants to the order of plaintiff, dated October 1, 1914, the first note being for $54.03; due November 20, 1914, and the second note being for $54, due December 20, 1914, and both drawing interest at the rate of seven per cent. per annum from date until paid.   From a judgment for plaintiff for $29.90, plaintiff brings error.

J. J. MOSER, for plaintiff in error.

EDWARD A. BIGGS, for defendants in error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

F. Mayer Boot & Shoe Co. v. Grygierczyk et al., 203 Ill. App. 194.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 1078*—*when cross errors must be assigned.* The action of the trial court in an action on a promissory note in finding against the defenses of lack of consideration and release from all liability cannot be considered on review where the defendants have not assigned cross errors.

2. BILLS AND NOTES, § 451*—*when evidence insufficient to establish defense of payment.* In an action by a seller of goods against the buyers on promissory notes given for purchases made, where it appeared that plaintiff, while the indebtedness was still in the form of an account, had notified defendants not to pay money to any agent or representative of the company, except on written authority, and defendants, in spite of such notices, made payments to an agent of the seller, and subsequently an agreement was made under which the notes sued on were executed and defendants undertook to recover from the agent the money improperly paid to him, evidence *held* insufficient to establish the defense of payment.

3. BILLS AND NOTES, § 51*—*what constitutes good consideration for notes.* Where purchasers of goods, ignoring notices by the seller not to make payment to an agent of the seller, make payment on an account, and, upon the seller's ascertaining that payment had been made to the agent contrary to its instructions, an agreement is made under which the notes are executed and the purchasers undertake to recover from the agent the money improperly paid to him, the postponement of payment constitutes a good consideration to support the notes.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.